

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2008

# Anam v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Anam v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2035
_____

CHIOIRUL ANAM,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Honorable Charles M. Honeyman
(No. A96-203-853)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Filed May 9, 2008 )

_____

OPINION
_____

PER CURIAM

Chioirul Anam, an Indonesian native and citizen, petitions for review of a final

order of the Board of Immigration Appeals ("BIA"), affirming the denial by the

Immigration Judge ("IJ") of Anam's application for asylum, withholding of removal and

relief under the Convention Against Torture ("CAT"). Before the IJ, Anam, a Javanese Muslim, testified that his store was looted and burned along with other surrounding stores, which were predominantly Chinese-owned. The IJ denied Anam's applications because he did not find Anam's testimony to be credible. We will deny Anam's petition for review because substantial evidence supports the IJ's adverse credibility determination. See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

The IJ found that Anam was ineligible for asylum as a result of his failure to file his application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B).[1] The IJ also found that Anam did not show extraordinary or changed circumstances to excuse his untimely asylum application. See 8 U.S.C. § 1158(a)(2)(D). We will not disturb these findings because we lack jurisdiction to review agency determinations of asylum-application untimeliness, see Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); we lack jurisdiction over these particular untimeliness findings because Anam failed to challenge them before the BIA, see Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005); and, in any case, Anam does not challenge the findings in this petition for review.

To obtain withholding of removal, Anam bore the burden of establishing that his life or freedom would be threatened in Indonesia on account of his race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A); Romanishyn v. Att'y Gen., 455 F.3d 175, 178 n.1 (3d Cir. 2006). We agree with the IJ and the BIA that Anam failed to establish past persecution; thus he is not entitled to a rebuttable presumption of future persecution. See 8 C.F.R. § 108.16(b); Gabuyina v. Att'y Gen., 463 F.3d 316, 321 (3d Cir. 2006). Even if Anam's testimony was credible, the burning of his store by rioters does not amount to past persecution. Rather, as the IJ found, he was the victim of generally harsh conditions shared by all store owners in the area. See Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) ("[T]he concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional.") Additionally, Anam did not demonstrate that this incident occurred because of "his race, religion, nationality, membership in a particular social group, or political opinion" as required under § 1231.

Anam also failed to show that he faced a clear probability of future persecution. A

---

[1]Anam arrived in the United States in 2001 but did not file his asylum application until 2004.

large portion of Anam's appellate brief is devoted to describing the discrimination faced by the ethnic Chinese and Christian populations in Indonesia.[2]  Anam's contention appears to be that during a riot, despite being a Javanese Muslim, he might be mistaken for Chinese or Catholic and persecuted on that basis.  Such a fear, however, is too speculative.  See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999).  Moreover, even if Anam could demonstrate that there is a pattern or practice of persecution of Chinese Christians in Indonesia, he cannot "establish[] his . . . own inclusion in and identification with such group of persons such that it is more likely than not that his or her life or freedom would be threatened upon return to [Indonesia]."  8 C.F.R. § 1208.16(b)(2)(ii).

Because Anam relies on the same evidence to support his application for protection under CAT, that application was also justifiably denied.  See 8 C.F.R. § 208.16(c)(2).

For the above-stated reasons, we will deny the petition for review.

---

[2]Anam has submitted several articles as "exhibits" documenting conditions in Indonesia.  Our consideration of Anam's petition, however, is limited to the information contained in the administrative record.  See Al-Fara v. Gonzales, 404 F.3d 733, 743 (3d Cir. 2005).